IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOUGLAS J. CHADBOURNE,

        Plaintiff,

vs.                                         CIVIL NO. 06-184 WFD/LFG

THE BOARD OF REGENTS OF THE
UNIVERSITY OF CALIFORNIA, d/b/a
LOS ALAMOS NATIONAL LABORATORIES,
ROBERT FRITCH, LEZLIE MORRIS, and
JOHN McNEEL,

        Defendants.

## SECOND AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND BREACH OF CONTRACT

COMES NOW, Plaintiff, Douglas J. Chadbourne, Plaintiff, hereinafter "Dr. Chadbourne", by and through his counsel of record, J. Edward Hollington, J. Edward Hollington & Associates, P.A., and for his amended complaint against the Defendants, states:

### I.    Jurisdiction/Venue

1.    Plaintiff, Dr. Chadbourne, is a physician who is board certified in Occupational Medicine, Aerospace Medicine and Medical Toxicology. He is also certified as a Medical Review Officer. He is a resident of Santa Rosa County, Florida.

2.    The Board of Regents of the University of California operates Los Alamos National Laboratories ("LANL") pursuant to a contract with the United States Department of Energy. LANL is located in Los Alamos County, New Mexico.

3.    Defendant Robert Fritch is a Doctor of Osteopathy ("DO") who was a deputy group leader for the HSR-2 section of LANL. Upon information and belief, Defendant Fritch is a resident of Bernalillo County, New Mexico.

- 1 –

F:\CHADBOURNE\Pleadings\complaint.2nd amended.doc

4.      Defendant Lezlie Morris, upon information and belief, was a group leader in the HSR-2 area of LANL and is a resident of Los Alamos County, New Mexico.

5.      Defendant John McNeel, at all times material to this action, was a Division Leader of LANL and upon information and belief, is a resident of Los Alamos County, New Mexico.

6.      Dr. Chadbourne was hired by LANL on March 21, 2005 as an Occupational Medicine Physician in the Health Safety and Radiation Protection Division/Occupational Medicine Group, HSR-2. Dr. Chadbourne was employed in that position with LANL until his termination on August 25, 2005.

7.      All acts, occurrences and omissions providing a basis for this lawsuit occurred in First Judicial District Court.

**8.**     This Court has jurisdiction over the parties, subject matter and venue is properly before this Court.

II.     **Statement of Facts**

9.      Dr. Chadbourne was recruited by LANL's medical director and moved to New Mexico to fill the position as an Occupational Medicine Physician in the Health Safety and Radiation Protection Division of the Occupational Medical Group known as HSR-2.

10.     Dr. Chadbourne's immediate supervisor was Defendant Fritch, D.O.

11.     Defendant Fritch, D.O., was the HSR-2 Deputy Group Leader – Medical since the fall of 2004.

12.     On or about April 21, 2005, Dr. Chadbourne expressed concerns to Defendant McNeel, HSR Deputy Division Leader, about the large storage stockpiles of benzene and other carcinogenic chemicals, including N-methyl hexane, a neurotoxin. Dr. Chadbourne also

expressed concern and objection that the industrial hygiene sampling for benzene and other stored carcinogenics was not adequate for the amount of such chemicals being stored at LANL.

13. Dr. Chadbourne expressed the same concerns and objections to Defendants Fritch and Morris.

14. Shortly after Dr. Chadbourne communicated his concerns, his immediate supervisor, Defendant Fritch, began to treat him in a hostile and threatening manner.

15. Dr. Chadbourne filed a staff relations complaint regarding Defendant Fritch pursuant to LANL policies and procedures, which promise protection from retaliation.

16. He discovered that a supervisor of a post-doctoral employee, in June of 2005, failed to timely report an occupational safety and health inhalation incident involving a mixture of chemicals in an un-hooded area. Dr. Chadbourne concluded that the untimely report probably contributed to permanent medical injury.

17. Dr. Chadbourne also investigated an incident with Americium 241, an alpha-emitting radioisotope, which had inadvertently been spread within an LANL facility. Dr. Chadbourne concluded that the absence of redundant fail-safe measures contributed to the unnecessary exposure and spread of the substance outside of the lab.

18. Dr. Chadbourne reported his findings and conclusions on these incidences and others to superiors.

19. On August 24, 2005, Defendants Fritch and Morris terminated Dr. Chadbourne's employment.

20. The Defendants' conduct was done under color of state law.

21. The Defendants' were ultimate decision makers regarding Plaintiff's employment status.

22. The individual Defendants' conduct constitutes willful, wanton and malicious conduct that was done in careless disregard for Dr. Chadbourne's protected rights.

23. Dr. Chadbourne has lost income, including back pay, front pay and other compensatory damages as a proximate result of Defendants' conduct.

## Count I
## Civil Rights Violation, 42 U.S.C. § 1983 (Speech)

24. Plaintiff realleges the allegations contained in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Dr. Chadbourne's employment with LANL constitutes public employment under 42 U.S.C. § 1983.

26. Dr. Chadbourne's expressions of concern and objections regarding storage of and inadequate industrial hygiene's sampling of benzene and other carcinogenics, along with his reports regarding incidences of chemical exposures and conclusions of failure to follow policies and lack of adequate procedures constitute matters of public concern. Plaintiff's expressions and concerns were not made as part of his official duties, or as a requirement of his job.

27. The individual Defendants' actions of terminating Dr. Chadbourne's employment, were substantially motivated by Dr. Chadbourne's expressions, comments, objections and stated concerns of matters of public concern.

28. As a proximate result of the individual Defendants' retaliatory conduct, Dr. Chadbourne has lost income, including back pay front pay and benefits and other compensatory damages to be proven at trial.

29. The conduct of the individual Defendants constitutes willful, wanton, malicious and careless disregard of Dr. Chadbourne's protected rights.

30. Dr. Chadbourne has incurred attorney fees and costs in bringing this action.

WHEREFORE, Plaintiff respectfully requests the Court to grant judgment in his favor and against the individual Defendants and award him damages as provided by 42 U.S.C. § 1983, including, but not limited to, loss of income and benefits, including back pay front pay, compensatory damages, punitive damages, pre-judgment and post-judgment interest, attorney fees and costs, and such other and further relief as the Court deems just and appropriate, including injunctive relief of reinstatement.

## Count II
## Breach of Contract

31.Plaintiff realleges the allegations contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.Defendant LANL, had in effect, certain written policies regarding employee relations complaint process.

33.As part of LANL's staff relations complaint process, employees initiating such complaints are promised protection from retaliatory conduct.

34.Dr. Chadbourne initiated an employee complaint regarding Defendant Fritch in the late summer of 2005.

35.Defendant Fritch displayed hostile and retaliatory conduct toward Dr. Chadbourne shortly after the filing of the employee relations complaint.

36.Dr. Chadbourne's filing of the staff relations complaint constitutes protected conduct.

37.The written staff relations complaint policy constitutes a contractual promise that Dr. Chadbourne would not be retaliated against for initiating a staff relations complaint.

38.The termination of Dr. Chadbourne's employment constitutes a breach of the contract.

39.As a direct result of the breach of contract, Dr. Chadbourne has lost income and benefits, including back pay front pay and other consequential damages.

40. Defendant Fritch's conduct constitutes a culpable mental state evidencing malice and careless disregard for Plaintiff's protected rights.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant LANL, and award him breach of contract damages, including but not limited to loss of income and benefits, including back pay front pay, consequential damages, pre-judgment and post-judgment interest, costs and such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

J. EDWARD HOLLINGTON & ASSOCIATES, P.A.

Electronically Filed

/s/ J. Edward Hollington
Attorney for Plaintiff
708 Marquette Ave. NW
Albuquerque NM 87102
(505) 843-9171
(505) 843-7027 fax

I CERTIFY that on the 30th day of January, 2007, I
filed the foregoing electronically through the CM/ECF
system, which caused the following parties or counsel
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing:

**Attorneys for Los Alamos National Laboratory**

Cindy J. Lovato Farmer, Esq.
P.O. Box 1663, MS-A-187
Los Alamos, NM 87545

And

Carlos M. Quinones, Esq.
Narvaez Law Firm, P.A.
P.O. Box 25967
Albuquerque, NM 87125-0967

\_\_\_/s/_____
J. Edward Hollington, Esq.